United States District Court
Southern District of Texas

**ENTERED**

November 28, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:08-CR-188-1 |
| | § | (2:16-CV-277) |
| FAUSTO MIRANDA, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C.
§2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Fausto Miranda (Miranda) filed a motion to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255 and a memorandum in support. D.E. 68. The Court has

reviewed the motion and concludes that summary dismissal is appropriate because "it

plainly appears from the motion . . . and the record of prior proceedings that the moving

party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings

for the United States District Courts (2016) (2255 Rules).

## I.   JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND

Fausto Miranda pleaded guilty to two counts of conspiracy to commit drug

trafficking and money laundering and was sentenced in November 2008 to 292 months

for Count One and 240 months for Count Two, to run concurrently. D.E. 57. Miranda did

1

not appeal and judgment was entered on the docket on November 24, 2008. *Id.* His

conviction became final on December 8, 2008.[1]

### III.   MOVANT'S ALLEGATIONS

Miranda argues that *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held

that part of the definition of violent felony in the Armed Career Criminal Act was

unconstitutionally vague applies to the Sentencing Guidelines § 2S1.1(b)(2).

### IV.   ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to

vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the

district court's jurisdiction to impose the sentence, 3) challenges to the length of a

sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558

(5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of

constitutional rights and for a narrow range of injuries that could not have been raised on

---

[1]The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Miranda's conviction became final after the expiration of 10 business days in which he could file an appeal. Fed. R. App. P. 4(b)(amended eff. December 1, 2010); *see Clay*, 537 U.S. at 532. Miranda was required to file his motion to vacate no later than December 8, 2009, but his motion was filed no earlier than June 24, 2016, nearly seven years too late, unless an exception applies. *See* Rule 3(d), § 2255 Rules.

direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     *Johnson* Claim**

*Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added).

> Subsection 2S1.1(b)(2) relates to money laundering and states:
>
> (b) Specific Offense Characteristics
>> (1) If (A) subsection (a)(2) applies; and (B) the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote (i) an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical; (ii) *a crime of violence*; or (iii) an offense involving firearms, explosives, national security, or the sexual exploitation of a minor, increase by 6 levels.
>> (2) (Apply the Greatest):

> (A) If the defendant was convicted under 18
> U.S.C. § 1957, increase by 1 level.
> (B) If the defendant was convicted under 18 U.S.C. § 1956,

increase by 2 levels.

*Id*. (emphasis added).

Although this subsection mentions a crime of violence in (b)(1)(ii), that portion of

the guideline provision was not applied to Miranda. His money laundering related to the

proceeds of drug trafficking and he was held accountable for cocaine, crack cocaine and

marijuana in the amount of the marijuana equivalent of 92,872.64 kilograms. D.E. 50, ¶

34. Miranda's motion is without merit. In addition, it is untimely, *see* 28 U.S.C. §

2255(f)(1).[2]

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A). Although Miranda has not yet filed a notice of appeal, the

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Miranda is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's

resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Miranda's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 68; Cause No. 2:16-CV-242, D.E. 1) and DENIES him a Certificate of Appealability.

Ordered this 22nd day of November, 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE