United States District Court
Southern District of Texas
**ENTERED**
January 23, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:08-CR-188-1 |
| | § | (2:16-CV-277) |
| FAUSTO MIRANDA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY

Fausto Miranda filed a motion for partial reconsideration of this Court's dismissal of his motion to vacate, set aside or correct judgment. D.E. 58. The Court denies Miranda's motion, and denies him a certificate of appealability.

### I.   PROCEDURAL BACKGROUND

Fausto Miranda pleaded guilty to conspiracy to commit drug trafficking and money laundering and was sentenced in November 2008. D.E. 57. Judgment became final on December 8, 2008. He challenged his sentence by motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255, filed on June 24, 2016.

This Court dismissed Miranda's § 2255 motion by Memorandum Opinion and Order dated November 22, 2016. D.E. 69. Miranda filed his present motion on December 6, 2016.

## II.   MOVANT'S CLAIMS

Miranda's current motion argues that his § 2255 motion was timely because he sought to expand *Johnson v. United States*, 135 S.Ct. 2551 (2015), to U.S.S.G. § 2S1.1(b). He asks the Court to revise its Memorandum Opinion and Order to find that his motion was timely. Miranda does not challenge this Court's judgment on any other ground.

## III.   ANALYSIS

### A.    Federal Rule of Civil Procedure 59(e)

Although Miranda's motion does not mention Rule 59(e), a motion to reconsider filed within 28 days of the judgment is brought pursuant to Rule 59(e). The Federal Rules of Civil Procedure apply to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2016).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

2

A defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). When a Rule 60 or 59(e) motion "attacks . . . some defect in the integrity of the federal habeas proceedings," it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. When the motion attacks the substance of the previous ruling, the claim must be considered second or successive. *Id.*

## B.    Miranda's Motion Seeks Procedural relief

The *Gonzalez* movant argued that the district court misapplied the statute of limitations. The Court held that the argument was procedural and was not barred.. *Id.*, 545 U.S. at 532. Similarly, Miranda's argument regarding limitations is also procedural and not barred.

Miranda argues that his claim is timely under *Johnson*. Subsection 2255(f)(3) provides an extension of the statute of limitations for motions filed within one year from the date on which the Supreme Court initially recognized a new rule of constitutional law made retroactively applicable to cases on collateral review. The Fifth Circuit has rejected efforts to apply *Johnson* to provisions of the Sentencing Guideline Manual. *See In re Arnick*. 826 F.3d 787 (5th Cir. 2016) (denying authorization to file a second or successive motion challenging § 4B1.2(a)(2) of the Guidelines pursuant to *Johnson*); *see also In re*

3

*Fields*, 826 F.3d 785, 786 (5th Cir. 2016) (circuit court denying motion for successive §

2255 based upon *Johnson* to challenge 18 U.S.C. § 924(c)(3)(B)). As a result, the Court

denies the motion for reconsideration.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion

requires a certificate of appealability in all but very narrow circumstances. *Ochoa*

*Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a

COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the

purpose of the motion is to reinstate appellate jurisdiction over the original denial of

habeas relief."); *Williams v. Quarterman*, 293 Fed. Appx. 298 at *16 (5th Cir., Sept. 19,

2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to

appeal his Rule 59(e) motion.").

Although Miranda has not yet filed a notice of appeal, the § 2255 Rules instruct

this Court to "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general

4

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court finds that Miranda cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

Miranda's motion to reconsider (D.E. 71) is DENIED and the Court also DENIES him a Certificate of Appealability.

Ordered this _19_ day of _____January_____, 201_7_.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE